IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JEROME MERAZ**                                                                        **PLAINTIFF**
**ADC #113295**

v.                      **No: 2:24-cv-00048-LPR-PSH**

**DEXTER PAYNE,** *et al.*                                              **DEFENDANTS**

## ORDER

Plaintiff Jerome Meraz, an inmate at the Delta Regional Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 13, 2024 (Doc. No. 2). Meraz was subsequently granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint (Doc. No. 4).

In its order directing Meraz to amend his complaint, the Court instructed Meraz to explain how his claims in this suit differ from his First Amendment religion claims currently pending in another lawsuit, *Meraz v. Payne et al*, 2:23-cv-00181-LPR-BBM ("*Meraz I*"). The Court informed Meraz that he may not litigate the same claims in two cases at the same time. *See* Doc. No. 4 at 4 (citing *Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative

complaint raising issues directly related to issues in another pending action brought by the same party")).

Meraz subsequently filed an amended complaint (Doc. No. 6) and an amicus brief (Doc. No. 7). He explains in his amended complaint that he raised the same issues in both cases but that he "jumped the gun" when he filed the first lawsuit, explaining that he had not yet exhausted his administrative remedies. Doc. No. 6 at 3-4. He further states, "I'd be willing to have that count [referring to *Meraz I*] dismissed without prejudice as its been in limbo since Aug 2023." *Id.* at 4. However, he has not moved to dismiss his First Amendment claims in *Meraz I*; he must do so if he intends to proceed with the same claims against Dexter Payne and Christopher Budnik in this case.[1]

Meraz's claims against Payne and Budnik may also be subject to dismissal because he has not sufficiently described their involvement in the alleged violation of his rights. He merely alleges that they denied his grievance appeals concerning his ability to practice his religion without merit. Doc. No. 6 at 3-4. Participation in the administrative grievance process alone is insufficient to establish liability under § 1983. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006). And Meraz has

---

[1] Meraz sues ADC Director Dexter Payne, Warden Christopher Budnik, and Brandon Davis for violation of his First Amendment religious exercise rights in *Meraz I*. *See Meraz I* at Doc. Nos. 2 & 5. The defendants in this case are Director Payne, Warden Budnik, Chaplain Toni Shockey, and Chaplain Joshua Mayfield. Doc. No. 6 at 1.

not described any involvement on the part of defendant Chaplain Toni Shockey. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Meraz will be allowed another opportunity to amend his complaint in this case. In his amended complaint, he should describe the involvement of *each* named defendant in the alleged violation of his rights. Meraz is cautioned that an amended complaint will render his prior complaints without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Meraz fails to file an amended complaint conforming to this order within thirty days, the undersigned may recommend the dismissal of some or all of his claims. The Clerk of Court is directed to send Meraz a blank § 1983 form.

IT IS SO ORDERED this 14th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE