## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JEROME MERAZ**                                                              **PLAINTIFF**
**ADC #113295**

**v.**                              **No: 2:24-cv-00048-LPR-PSH**


**DEXTER PAYNE,** *et al.*                                                    **DEFENDANTS**

## <u>ORDER</u>

Plaintiff Jerome Meraz filed a motion for default judgment (Doc. No. 50), and

the defendants have filed a response (Doc. No. 51).

On July 25, 2025, the Court issued an order denying Meraz's third motion to

compel and clarified that Defendants had until August 9, 2025, to respond to his

pending discovery requests.  *See* Doc. No. 49 (order noting that the stay on discovery

had just been lifted on July 10, 2025).  In his motion for default judgment, Meraz

claims the defendants did not comply with the Court's July 25 order.  In their

response, the defendants state they sent Meraz the requested discovery on August 8,

2025, and attached a copy of their cover letter.  *See* Doc. No. 51-1.

Meraz's motion is DENIED. The defendants have responded to Meraz's

discovery requests. The Court further notes that discovery sanctions would not be

appropriate at this juncture in any case.  The July 25 order was not an order

compelling discovery, but an order denying Meraz's motion to compel because the

deadline had not yet run.  Furthermore, awarding default judgment as a discovery sanction is a "rare judicial act." *See Collins v. Barney's Barn, Inc.*, No. 4:12-CV-00685-SWW, 2014 WL 11510586, at *2 (E.D. Ark. Feb. 13, 2014). Meraz must attempt to confer[1] with defendants and move for an order compelling discovery before resorting to a motion for sanctions.[2]

IT IS SO ORDERED this 21st day of August, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Federal Rules of Civil Procedure require a plaintiff to first confer or attempt to confer with the defendants to obtain the requested information before seeking court intervention.  Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 7.2(g).

[2] Rule 37(b)(2)(A) grants the Court authority and discretion to impose sanctions for a party's failure to obey an order to provide discovery. Such sanctions may include entering a default judgment against the disobedient party. "The harsh remedy of dismissal or default judgment should be a rare judicial act, used only when there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party."  *See Collins, supra*, at *2 (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).